[No. 1497.  Decided November 24, 1894.[

EUGENE A. REDDISH ET AL., *Respondents*, *v.* G. W. SMITH ET AL., *Appellants*.

CONTRACT FOR SALE OF LAND—FORFEITURE BY VENDOR—WAIVER — ACTION TO RECOVER POSSESSION — TENDER OF DEED — RESCISSION.

Where a contract for the sale of land provides for payment of the purchase price in installments, the vendor is not required to make a tender of a conveyance before declaring a forfeiture for non-payment of installments due.

A provision in a contract for the sale of land giving the vendor power to declare the contract forfeited upon failure of the purchaser to pay promptly the installments of purchase price therein provided for, carries with it not merely the forfeiture of the contract, but the forfeiture of all payments made thereunder.

Failure of a vendor to declare a contract for the sale of land forfeited until three installments have become due, the contract pro-

viding that forfeiture may be declared for default in payment of any installment due, does not constitute laches or a waiver of the vendor's rights.

In an action by a vendor to recover possession of land which a purchaser and his wife had entered into possession of under a contract of sale, which the vendor had since declared forfeited, the wife of the purchaser is a proper party defendant to the action.

A purchaser under a contract of sale of land, who is in default in making payments upon installments due, cannot invoke the equity power of the court for the purpose of rescinding the contract.

*Appeal from Superior Court, Pierce County.*

*H. W. Lueders* and *John Leo*, for appellants.

*Walter M. Harvey* and *Shank, Murray & Dresbach*, for respondents.

The opinion of the court was rendered by

DUNBAR, C. J.—This is an action of ejectment based upon a contract for the sale of land, entered into by the respondents and the appellant, G. W. Smith, on March 18, 1891. The contract in question was as follows:

"This contract entered into this 18th day of March. A. D. 1891, by and between Eugene A. Reddish and Jennie E. Reddish his wife, of the City of Tacoma, State of Washington, the parties of the first part, and George W. Smith of the same place, the party of the second part, witnesseth:

The parties of the first part agree to erect a dwelling house on lots number fourteen and fifteen (14–15), in block number two (2), in Ross' Addition to Tacoma, and to sell and convey the said lots, with the appurtenances, to the party of the second part, subject to one mortgage in the sum of $800 and all street assessments. The parties of the first part also agree to advance to the party of the second part the sum of $400, the receipt of which is hereby acknowledged by said party of the second part. The said house, so to be erected on said lots shall be such an one as is indicated by the plans and specifications hereto attached and made a part of this contract. The said lots are to be sold and conveyed by the parties of the first part, with general warranty deed, subject to the before mentioned incumbrances, as soon as the party of the second part shall have

paid the parties of the first part the full sum of $1325 as herein specified, and after the said party of the second part has duly assigned and transferred to the parties of the first part a certain contract which he holds for the sale to him of lots five and six (5–6), in block numbered nineteen (19), in Coulter's Addition to Tacoma, on which contract there is yet due and owing, the sum of $50, which the parties of the first part agree to pay. The party of the second part agrees to pay the parties of the first part the above mentioned $1325 and ten per cent. per annum interest from this date, in monthly installments, each payment to be so made shall be the sum of $20, and the amount of interest that has accumulated at the date of each payment, on the whole of the said deferred payment. If the said Smith shall fail to make any one or more monthly payments as herein provided, then all sums of interest due by the terms of this contract shall be added to the principal and draw like interest as the principal sum. In case the party of the second part shall fail to pay promptly the monthly installments herein provided for, after a demand made on him for the same of thirty days, then the party of the first part may, at his option, declare this contract forfeited and he shall enter upon and re-possess himself of the said premises and thereupon this contract shall be at an end. (Signatures.)"

The payments were made by appellant Smith according to the terms of the contract until the last of June, 1893. After a default in the monthly payments provided for, respondents gave notice to appellants that if they did not pay the amount due within thirty days they would elect to forfeit the contract and take possession of the land sold, the appellants having gone into possession of the land under the contract.

The complaint alleged ownership of the land in controversy, the execution and delivery of the contract, the performance of the conditions of the same on the part of the plaintiffs, the breach of the contract by the defendant Smith in failing to pay certain installments for the purchase price of the land, the service of notice of election to forfeit, and demand for the possession of the premises.

The answer was a general denial of the allegations of the complaint, and an affirmative allegation of non-compliance

with the contract on the part of the respondents; also alleging defective title in the respondents. . Appellants also demanded compensation for permanent improvements made by them before the forfeiture, and asked that respondents should refund the installments of the purchase price of the land previously paid. Upon the issues thus brought a trial was had which resulted in findings and judgment in favor of the respondents. The appellants, however, interposed a demurrer to the complaint to the effect that it did not state facts sufficient to constitute a cause of action; which demurrer was overruled by the court.

The first contention of the appellants as to the deficiency of the complaint is that the complaint should have alleged the tender of the deed by the plaintiffs to the defendants prior to the commencement of the action. We do not think that the authorities cited by the appellants to sustain this contention are in point. They sustain the general rule that in a contract of this kind, where the payment of the purchase price and the giving of the deed are concurrent acts, the vendor before declaring a forfeiture must make a tender of the conveyance; but in this instance the purchase price was to be paid in installments, and the whole amount of the purchase price to be paid under the contract was not yet due. Consequently, the time for conveying land under the contract had not yet arrived, and the vendor could not, under any principle of law, be compelled to make a deed before he had received his pay. If this theory of the law were to obtain, it would either compel the tender of a deed without the payment of the full amount of the purchase price, or would compel the vendor to wait until the full amount of the purchase price had become due before he would have a right to elect to forfeit or to bring his action. Neither proposition is tenable, and neither is supported, we think, by the authorities. The covenants to make specified payments at different times are independent covenants, and the vendor can move against them as breaches of the independent covenants, or he can wait until all the purchase price is due and bring his action then.

It is claimed by the appellants that inasmuch as three months' installments had become due before the action was brought, the respondents were guilty of laches, and that it was thereby an indication of a waiver of their right of forfeiture. The contrary doctrine was laid down by this court in the case of *Wooding v. Crain*, ante, p. 35 and the reasons for the rule were there discussed, and it is not necessary to repeat them here. See, also, *Phelps v. Illinois Central R. R. Co.*, 63 Ill. 468.

Probably it might be as well before proceeding further, however, to construe that portion of the contract which provides for a forfeiture. By reference to the contract it will be seen that the provision is as follows:

"In case the party of the second part shall fail to pay promptly the monthly installments herein provided for after a demand made on him for the same, of thirty days, then the party of the first part may at his option declare this contract forfeited, and he shall enter upon and repossess himself of the said premises, and thereupon this contract shall be at an end."

It is contended by the appellants that there is no forfeiture clause in the contract providing that the purchase money paid under the contract and improvements made by Smith should be forfeited and inure to the benefit of the vendor; that the provision simply is for the forfeiture of the contract, and not for the forfeiture of the payments made under the provisions of the contract.

We do not think this is a legitimate construction of the contract. While it is true that the courts will not supply language to create a forfeiture where the forfeiture is not specially provided for by the parties themselves, yet it seems to us that it was the clear, unequivocal intention of the parties to this contract, as expressed by the contract, that the payments made by the appellants should be forfeited in case the respondents elected so to do, upon the non-performance of the contract by the appellants. The option of forfeiture is for the benefit of the vendor, but it would be difficult to conceive what benefit would accrue to the vendor in a

case of this kind if he were not allowed the benefit of the payments which had been made. As was well said by the counsel for respondents in this case :

"If the property, by fluctuations in the real estate market, should increase in value, the purchaser would insist upon a strict performance, but if perchance by the opposite conditions the land should depreciate in value, the vendee would cease his payments, allow the vendor to re-enter upon the premises and insist that the latter should refund all payments previously made. The vendor would be completely at the mercy of the purchaser, and the very object and purpose of the agreement would be defeated."

It would certainly place the vendor in a very embarrassing position if he were to be called upon at any time during the life of the contract to refund payments which had been made to him under the contract of sale. He would never know whether his land was sold or not, and would always have to hold himself in readiness to refund the money until the life of the contract had ceased. We do not think that such is a reasonable construction of this contract, and it is not supported by authority. The rule is thus laid down by 2 Warvelle on Vendors, pp. 835, 836 :

"A neglect or refusal of either party to perform on his part will, as a rule, place him in the power of the other party, where he is not also derelict, to avoid the contract or not at his pleasure. Hence, a failure to meet payments at the time or times reserved may be treated by the vendor as an abandonment, and he may rescind the contract and sell the land to another. And in such case the vendee will not be entitled to recover back the money he may have advanced in part performance," citing *Green v. Green*, 9 Cow. 46.

There seems to be nothing unconscionable in allowing the forfeiture in this case, as no sudden demand was made upon the vendee, but he was given thirty days' notice to make the payments that were due, and if he did not make them within that time, and the further time allowed by the vendor in this case, it was presumably for the reason that he did not desire to proceed under the contract but was willing to forfeit the payments which he had made and end the contract.

We think there is nothing in the contention that Emma

Smith, the wife of G. W. Smith, was not a proper party. The allegations of the complaint were that the relation of husband and wife existed between the defendants; that they were both in the possession of the premises sued for, and that they both refused to surrender said possession to the plaintiffs. Certainly under these allegations the wife was a proper, if not a necessary, party to the action.

The demand of the appellants in their answer that they be allowed a rescission of the contract cannot be sustained, for even though this were a proper case for the trial of such an issue, it plainly appears from all the testimony in the case, and is not denied, that the appellants were in default so far as carrying out the conditions of the contract were concerned, and a party who is in default will not be allowed to rescind a contract. The rule is thus laid down in 21 Am. & Eng. Enc. Law, 77:

"The right to rescind belongs only to the party who is himself without default. Thus, if one having sufficient ground therefor wishes to avoid a contract, but has done some act which hinders performance by the other, or has failed in any way to perform his own part of the stipulations, his right is thereby lost to him;" citing many cases in support of this proposition.

In this case, too, the appellants are further precluded by the fact that they have never tendered any portion of the amount due the plaintiffs, and until that is done it can scarcely be contended that they would be entitled to a rescission of the contract. See *Drown v. Ingels*, 3 Wash. 424 (28 Pac. 759).

So far as the objection raised by the appellants to the findings of fact by the court is concerned, we think it was without foundation, and that the court was justified in making all said findings. We have examined all the other errors alleged, but are unable to find any substantial error.

The judgment will therefore be affirmed.

SCOTT, ANDERS, HOYT and STILES, JJ., concur.