[No. 6066.  Decided August 16, 1906.]

CARRIE D. PALMER, *Appellant,* v. WASHINGTON SECURITIES INVESTMENT COMPANY, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS.  Findings upon conflicting evidence by the judge who heard and saw the witnesses will not be reversed on appeal when supported by the preponderance of the evidence.

VENDOR AND PURCHASER — FORFEITURE — RESCISSION OF CONTRACT. Where time is made of the essence of a contract to convey land, and it was provided that a cash payment of $200 should be forfeited unless the balance of purchase price was paid within six months, the purchaser is not entitled to a cancellation of the contract and recovery of the sum paid, where the balance due was not paid, nor tender made until more than one year thereafter.

[1]Reported in 86 Pac. 640.

Appeal from a judgment of the superior court for King county, Albertson, J., entered August 9, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for the rescission of a contract for the sale of land and the recovery of purchase money paid. Affirmed.

*Will H. Thompson* and *G. Ward Kemp*, for appellant.
*John E. Humphries* and *George B. Cole*, for respondent.

CROW, J.—This is an action instituted by the appellant Carrie D. Palmer to rescind her written contract for the purchase of certain real estate from the respondent Washington Securities Investment Company, a corporation, and to recover $200 purchase money paid thereon. She contends that the respondent refused to convey the land in accordance with the terms of the contract, or to refund the purchase money paid. On trial the court made findings of fact, from which it appears, that on March 1, 1903, appellant and respondent entered into a written contract, the material portions of which read as follows:

"(1)    That the party of the first part [respondent] hereby agrees to sell, and the party of the second part [appellant] to buy for the sum of sixteen hundred (1600) dollars all of lots seven and eight (7 & 8) in block two of the Observatory Addition to the City of Seattle, King County, Washington.

"(2)    That the party of the first part agrees to convey the said premises to the party of the second part, her heirs, executors, administrators or assigns on or before six months from the date hereof, on demand of the second party, her heirs, executors, administrators or assigns, and upon payment of the balance of the purchase price thereof such conveyance to be by good and sufficient warranty deed.

"(3)    That the party of the second part has paid to the party of the first part the sum of two hundred dollars on the above stated purchase price, receipt whereof is hereby acknowledged by the party of the first part, leaving an unpaid balance of fourteen hundred dollars, which shall bear interest

until paid at the rate of seven per cent per annum; the sum of two hundred dollars herein mentioned to be forfeited to the party of the first part upon the failure or refusal of the party of the second part to fulfill the agreement as hereinabove set out. . . .

"(6)    That time is of the essence of this contract;"

That on August 30, 1903, the appellant demanded of respondent a conveyance of said premises; that thereupon respondent prepared a deed conveying the same to the appellant, but that before said deed was executed, appellant, on August 31, 1903, demanded of respondent another deed conveying said premises to one J. W. Saunderson, which deed was thereupon executed by respondent and tendered to appellant as demanded by her; that on said 30th and 31st days of August, 1903, appellant failed to pay the purchase price for said property upon demand for the deeds aforesaid, and failed within the time and terms named in said contract to pay the same; that at none of said times was she prepared or able to pay said purchase money; that thereupon, on or about September 30, 1903, appellant reported to respondent that she had abandoned said contract and did not desire to carry out the same; that it was thereupon mutually agreed between the parties that said contract should be and was from the date of its expiration, to wit, September 1, 1903, at an end; that the terms of said contract were never complied with by appellant; that said contract, together with all moneys paid thereon, was forfeited by appellant to said respondent by the terms thereof; that respondent is entitled to all amounts paid by appellant thereon; that after said contract had been so abandoned and forfeited, to wit, on October 18, 1904, appellant tendered to respondent the sum of $1,565, and demanded a deed for said real estate; that said respondent refused to accept said tender or convey said real estate, for the reason that said contract was forfeited and at an end; and that appellant then and there notified respondent that, unless it accepted said tender and conveyed said real estate, she would

demand that respondent repay said $200 of purchase money with interest thereon. Upon these findings judgment was entered dismissing the action, and from said judgment this appeal has been taken.

The appellant has excepted to most of the findings of fact made by the trial court, and now contends that error was committed, (1) in construing the contract as one which expired by its own limitation within six months from its date; (2) in finding that the parties had mutually agreed on or about September 30, 1903, that the contract should be at an end, and that the money paid thereunder should be forfeited by appellant to respondent; (3) in finding and concluding that the contract was at any time or in any manner ended, abandoned, or rescinded prior to the commencement of this action; (4) in finding and concluding that respondent at any time within six months after the date of the contract executed and tendered to appellant, or to any one, under the direction of appellant, a good and sufficient warranty deed in compliance with the contract; (5) in finding and concluding that plaintiff at any time failed or refused to pay the balance of the purchase price under the contract; (6) in concluding that plaintiff is not entitled to recover in this action. An examination of the above assignments of error will disclose that substantially all of them are based upon the contention that the trial court erred in making the findings of fact to which they severally refer. We have carefully examined the evidence and, while it must be conceded that there is considerable conflict between that produced on behalf of the appellant and that produced on behalf of the respondent, yet we fail to conclude that the findings as made by the court are not supported by the preponderance of the evidence. The trial judge saw the witnesses and heard them testify. He was in a better position than are we to pass upon their credibility, and as ample evidence appears in the statement of facts to sustain his conclusions, we feel that we should not

disturb his findings, but on the contrary should and do' approve the same.

Upon the findings made, we fail to comprehend any principle of either law or equity upon which the appellant can recover. It is an elementary rule of law that, to successfully insist upon the rescission of a contract for the purchase of real estate for nonperformance by the vendor, a vendee must not only be without default, but he must also be able to show by competent evidence that he has performed the agreement upon his part or is in a position to do so, and willing to do so. The facts found by the trial judge show that the appellant made no payment other than the cash payment of $200 at the date of the execution of the contract, nor did she tender the deferred payment until October 18, 1903, more than one year after the time fixed. Time was made of the essence of the contract by its express terms. It was also provided that the said cash payment of $200 should be forfeited to the respondent upon the failure or refusal of the appellant to fulfill the agreement upon her part. Where time is made of the essence of a contract and where such contract expressly provides that, upon forfeiture by the vendee the vendor may retain all payments made under the contract, such provision is binding and the vendee cannot, after such forfeiture, recover the payments which he has theretofore made. 27 Am. & Eng. Ency. Law (2d ed.), p. 684. Upon the facts found by the trial court, and under the terms of the written agreement, we are of the opinion that the appellant was not entitled to recover.

The judgment is affirmed.

Mount, C. J., Root, Fullerton, and Dunbar, JJ., concur.