CHADWICK, FULLERTON, GOSE, and MORRIS, JJ., concur.

---

[No. 7589.   Decided May 19, 1909.]

A. SNARSKI et al., Respondents, v. WASHINGTON STATE COLONIZATION COMPANY, Appellant.[1]

APPEAL—REVIEW—WAIVER OF ERROR—THEORY OF TRIAL BELOW. The overruling of a demurrer to a complaint for rescission of a land contract and for damages, cannot be assigned as error so far as the action for damages is concerned, where the parties treated the action from the beginning as one in equity to rescind the contract and tried the case solely upon that theory.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—ACTIONS—OFFER OF POSSESSION. An action by a vendee to rescind a sale of land, does not fail because the plaintiffs did not offer to give up possession, where they tendered a quitclaim deed to the defendants and brought it into court.

SAME—DAMAGES—RENTS PRIOR TO RESCISSION. In an action to rescind a sale of land for failure of title, the vendees are not liable for rents for use of the premises while in possession, and the same cannot be deducted from their damages.

SAME—MEASURE OF DAMAGES—IMPROVEMENTS BY VENDEE. In an action to rescind a sale of land for failure of title, the measure of damages is the purchase price paid, with interest from the date of payment, and the reasonable value of improvements placed on the land by the vendees before they learned of the defective title, where the vendor represented that the title was clear and knew that the vendees intended to improve the property.

[1]Reported in 101 Pac. 839.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 1, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action to rescind a contract for the sale of real property. Affirmed.

*J. B. Bridges*, for appellant.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for respondents.

MOUNT, J.—This action was brought by the respondents to rescind a contract of sale of real estate, and to recover damages on account of the failure of appellant to convey to the respondents a good title. The case was tried to the court and a jury, and the result was a judgment of rescission, and for a return of the money paid, and damages, amounting altogether to the sum of $634.50. Defendant has appealed. It alleges that the court erred, (1) in overruling a general demurrer to the complaint; (2) in not granting appellant's motion for judgment on the pleadings and facts proven; and (3) in certain instructions to the jury.

The complaint alleges, in substance, that, in March, 1906, the defendant agreed to sell to plaintiffs a certain forty-acre tract of land in Chehalis county, for the sum of $400; that fifty dollars was paid in cash by the plaintiffs, fifty dollars was credited on account of railway fares from New York to Aberdeen, and two hundred and fifty dollars was to be paid on April 19, 1906, and the remaining fifty dollars was to be paid on April 19, 1907; that, upon final payment being made, the defendant agreed to convey the property to the plaintiffs in fee, clear of all reservations and conditions; that the plaintiffs went into immediate possession of the land and made the payments as agreed, and improved the land by clearing and erecting buildings thereon; that in November, 1906, plaintiffs notified the defendant that they were ready to pay the balance due, and thereupon defendant furnished to plain-

tiffs an abstract of title which showed that the defendant could not convey a clear title; that thereafter the plaintiffs tendered the balance due and demanded a good title, which was refused them; that thereupon and before bringing this action, plaintiffs tendered to the defendant a quitclaim deed of the property, and demanded a return of the money paid and damages in the sum of $1,600. Said deed was brought into court and filed to abide the judgment of the court in the case. The prayer of the complaint was for $2,000 and "such other and further relief as to the court may seem right."

The appellant argues that the general demurrer to the complaint should have been sustained, for the reason that the action is a mixed action at law for damages and at the same time an action in equity to rescind the contract, and that, inasmuch as the plaintiffs remained in possession of the land, they could not maintain the latter action. So far as the demurrer is concerned, we need not consider the complaint upon the facts alleged which might sustain an action at law for damages for failure to perform the contract, because the parties treated the action from the beginning as one in equity to rescind the contract, and the case was tried solely upon that theory. The complaint seems to state a cause of action for rescission and for damages, beyond question. The form is of no consequence, under our liberal statute which requires a plain and concise statement of the facts. While the complaint did not in so many words allege an offer of possession to appellant, it did allege that the respondents offered to make a quitclaim deed back to the appellant prior to the suit, and such deed was filed with the case. This deed relinquished all the claim of the respondents to the land and improvements, which we think was all that was necessary. It was equivalent to an offer of possession. The legal title had not been conveyed to the respondents. The respondents had placed valuable improvements upon the land, which improvements, of course, followed the land, and respondents were entitled to pay therefor before delivery thereof to the appellant.

The rule is stated in 24 Am. & Eng. Ency. Law (2d ed.),.. at page 621, as follows:

"Whether the complaint in a suit for rescission must, as a. condition precedent to relief, have offered or tendered restitution to the defendant prior to the bringing of the suit, is a matter upon which the authorities are conflicting. The rule- of the better considered cases is, that it is sufficient that the plaintiff makes his offer to restore or to do equity, in his bill. or complaint, and shows therein that he has substantially preserved the *status quo* on his part so as to be able to fulfill his offer. This rule proceeds upon the principle that it is. always within the power of a court of equity to require that the person invoking its aid shall submit to equitable terms as. a condition of relief, and that the parties being .properly before the court, the court may impose upon them any terms. which may be just and equitable in the premises, and may enforce compliance therewith."

As a matter of fact, the trial court in this case followed: this rule in entering his decree herein. It follows that the court properly overruled the general demurrer and denied the motion for judgment on the pleadings.

It is also claimed by the appellant that the respondents failed to show that there was any agreement for clear title- free of conditions and restrictions; but the court and the jury found otherwise upon ample evidence, and we need not further pursue that question.

The court instructed the jury as follows:

"I also instruct you that, under the conditions in this case,.. that in case you find the plaintiff entitled to recover damages, that the defendant would be entitled to have deducted: from the amount of that damage the rental value of the property during the time he occupied it. The rental value you are to take into consideration is the rental value of the property as the property was when he went there; not the rental: value of it with the improvements upon it, which he has put. there, but simply the rental value as it was when he went there and not after."

Appellant insists that this instruction is erroneous be- cause, if the respondents receive pay for their improvements,.

they should also pay rent for the use thereof. But this is not the rule in this class of cases. The respondents here were not in possession as tenants. They came into possession under a contract of sale, and were therefore not liable for rents for the use of the premises. *Ankeny v. Clark*, 148 U. S. 345, 13 Sup. Ct. 617, 37 L. Ed. 475. If there was error in this instruction it was in favor of the appellant, and therefore it cannot complain.

Appellant also argues that the court erred in instructing the jury upon the measure of damages as follows:

"Now if you find that he is entitled to recover in the action, he would be entitled to recover back the purchase price he has paid, together with interest thereon at the rate of six per cent from the date of payment until the present time. He would also be entitled to recover for the reasonable value of the improvements that he has put upon the premises,"

after taking possession and before learning of the defective title.

It is argued that the part of the instruction relating to the improvements is erroneous. We think the rule applied here was proper. The appellant had represented that it could and would convey a clear title. It knew, or should have known, the condition of the title, and also knew that respondents purchased the land intending to make improvements upon it. This case in this respect is like the case of *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880, where we held, at page 430, that recovery for improvements is proper in such cases.

We find no reversible error. The judgment must therefore be affirmed.

RUDKIN, C. J., CROW, FULLERTON, and CHADWICK, JJ., concur.

GOSE, DUNBAR, MORRIS, and PARKER, JJ., took no part.