### WHITE OAK FUEL CO. v. CARTER et al.[*]

(Circuit Court of Appeals, Eighth Circuit. April 4, 1919.)

No. 5268.

Contracts ☞267—Right of Rescission—Party Himself in Default.

The right to repudiate a contract for the default of the other party thereto cannot be exercised by a party who is himself in unexcused default of performance of an essential covenant thereof.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by Bertram U. Carter and others against the White Oak Fuel Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

John P. Leahy, of St. Louis, Mo. (John V. Lee, of St. Louis, Mo., on the brief), for plaintiff in error.

Chase Morsey, of St. Louis, Mo. (Matt G. Reynolds, of St. Louis, Mo., and W. D. P. Farthing, of East St. Louis, Ill., on the brief), for defendants in error.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied September 1, 1919.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The White Oak Fuel Company, hereafter called defendant, entered into a written contract with Carter Bros. Company, hereafter called plaintiff, by the terms of which the defendant agreed to furnish to plaintiff 4 to 6 cars per month of White Oak special 2-inch lump coal, at $1.42½ per ton, and 5 to 8 cars per month of White Oak special 6-inch lump coal, at $1.57½ per ton, free on board plaintiff's switch in East St. Louis, Ill., in regularly scattered monthly shipments beginning August 7, 1916, and ending April 1, 1917. The plaintiff agreed to receive all the coal contracted for, at the place and during the time mentioned, and to pay the agreed price, the payments to be made on or before the 10th of each month for the coal delivered during the preceding month.

The plaintiff brought suit for breach of the contract, and recovered judgment against the defendant, and this proceeding seeks a review of the trial and a reversal of the judgment. The plaintiff alleged a failure of the defendant to deliver the coal contracted for, and the damage suffered as a consequence. The defendant alleged that plaintiff had breached the contract, by refusing to receive the coal and by failing to make monthly payments by the 10th of the month for coal delivered to it in the preceding month, and therefore defendant had rescinded the contract and refused to deliver more coal, and had so notified the plaintiff. The plaintiff's reply denied any refusal to receive coal, and pleaded that the time of payment for the coal delivered was extended by agreement of the parties and was paid for before the expiration of the time thus fixed.

The evidence showed that defendant had furnished only a part of the number of cars contracted to be delivered in each of the months of August, September, and October. There was a conflict of evidence as to whether defendant had offered to furnish and plaintiff had refused to receive more cars in each of these months. The court permitted the plaintiff to show that after the written contract was signed an oral agreement was made, without any new consideration, extending the time of payments to a day in each month much later than provided in the written contract. The plaintiff paid in September for the coal delivered in August, and in October for the coal delivered in September; but the defendant notified plaintiff before the 10th of November that, unless it paid its bills promptly that month for the coal delivered in October, there would be no more coal shipped under the contract. The plaintiff did not pay for the coal delivered in October until November 22d, and no coal was delivered to plaintiff under the contract after October.

The case was submitted to the jury, conditioning plaintiff's right to recover on the absence of any offer by defendant to furnish more coal in August, September, and October, and of a refusal by the plaintiff to accept it, and also on the existence of a waiver by defendant of the making of payments on the 10th of each month, as provided in the written contract, and the verdict was against the defendant. The ver-

dict must be taken as establishing the fact that the defendant was guilty of an unexcused breach of the contract to furnish the stipulated amount of coal in August, September, and October, and that such default continued and existed at the time the defendant declared it would furnish no more coal under the contract.

The defendant contends that evidence of an oral agreement to extend the time of payments should not have been received, and that it was error to submit to the jury the existence of a waiver of the time of payment derivable only from such evidence. The argument is that the written contract was for the sale of goods of the value of upwards of $50, and that no oral modification of this contract could have been made because of the terms of the statute of frauds, and also because there was no consideration for such oral contract. The plaintiff contends that the time of payment was not of the essence of the contract, and there had been no breach of any of its essential terms by the plaintiff, so that defendant was not justified in declaring it at an end and in refusing further performance, and therefore the question of waiver was not in issue.

As has been stated, the verdict establishes the fact that at the time the defendant attempted to terminate the contract, and when it declared that it would proceed no further thereunder, it was itself in default of performance of an essential covenant of the contract, because it had failed to deliver the agreed amount of coal the plaintiff was to receive in August, September, and October. The right to repudiate a contract for the default of the other party thereto cannot be exercised by a party who is himself in unexcused default of performance of an essential covenant thereof. Chitty on Contracts (15th Ed.) 722; Walds Pollock on Contracts (3d Ed.) 345; Norwood Paper Co. v. Columbia Paper Bag Co., 185 Fed. 454, 107 C. C. A. 524; Fairchild-Gilmore-Wilton Co. v. Southern Refining Co., 158 Cal. 264, 110 Pac. 951; Mason v. Edward Thompson Co., 94 Minn. 472, 103 N .W. 507; Central Lumber Co. v. Arkansas Valley Lumber Co., 86 Kan. 131, 119 Pac. 322; Griffin v. Griffin, 163 Ill. 216, 45 N. E. 241; Reddish v. Smith, 10 Wash. 178, 38 Pac. 1003, 45 Am. St. Rep. 781; John A. Gauger Co. v. Sawyer & Austin Lumber Co., 88 Ark. 422, 115 S. W. 157; Norris v. Letchworth, 167 Mo. App. 553, 152 S. W. 421; 2 Black on Rescission, § 553; 13 Corpus Juris, 614.

The court should have instructed the jury that if there was no breach of the contract, because of the plaintiff's refusal to receive coal offered by the defendant in fulfillment of the contract, the plaintiffs were entitled to recover. It was therefore not error of which defendant can complain that the court also submitted the existence of an agreement by defendant to waive the making of payments promptly by the 10th of each month, and conditioned plaintiff's recovery on findings in favor of plaintiff on both propositions.

Complaint is made because the court refused to permit an employé of the defendant to testify what the defendant's president had said in September over the telephone, after he had called up the plaintiff with reference to payment for the coal. It follows from what has been said, that whatever was said on this subject was an immaterial matter of in-

quiry at the trial, because the plaintiff's default of payment was not properly an issue in the case. There was therefore no error in excluding this evidence.

This disposes of all the material assignments of error. The judgment will be affirmed.