[No. 24322. Department One. July 8, 1933.]

CORA M. GRAHAM *et al., Appellants,* v. EDNA R. SHIVELY, *Respondent.*[1]

*Clark & Mathewson,* for appellants.

*J. W. Graham,* for respondent.

MITCHELL, J.—This action was brought in March, 1932, to cancel a contract, dated August 27, 1929, by which the plaintiffs sold certain real property to the defendants, and to forfeit payments already made by the defendants under the contract. After the date of the contract and prior to the commencement of the action, Shively and his wife were divorced, she being awarded all of the rights of the purchasers under the real estate contract. Mrs. Shively answered the complaint, denying essential allegations upon which relief was demanded, and, by way of cross-complaint, alleged facts upon which she prayed rescission of the real

[1]Reported in 23 P. (2d) 881.

estate contract, return of money she had paid on the contract, and damages on account of improvements she had placed on the property, all because of the fraud of plaintiffs in making the sale of the real property. The allegations of fraud were denied by the plaintiffs.

The trial resulted in findings and conclusions upon which judgment was entered for the defendant Edna R. Shively. Plaintiffs have appealed.

The respondent has moved to strike the statement of facts, because not served and filed within ninety days from the date of the entry of the final judgment, as required by Rule of Practice VII, 159 Wash. lxi (Rem. Rev. Stat., § 308-7). The judgment was entered September 14, 1932. The statement of facts was served and filed ninety-seven days thereafter.

Under the uniform holdings of this court, the filing of a statement of facts within the statutory or rule time of ninety days is jurisdictional, and a statement filed more than ninety days after the time the appeal begins to run is wholly unauthorized and a nullity. In *State v. Harder,* 130 Wash. 367, 227 Pac. 501, upon referring to some of the cases upon this subject, we said:

"Such must be the holding in this case, notwithstanding the stipulation of counsel and certification by the court, because of the jurisdictional and mandatory requirements of the statute, . . ."

Some of the later cases to the same effect are: *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916; *Potlatch Lumber Co. v. Ferry County,* 167 Wash. 491, 9 P. (2d) 783.

The motion to strike the statement of facts is granted.

It is doubtful if there is an assignment of error which clearly raises the question of whether the findings of fact support the judgment. However, we have

considered that question, and reached the opinion that they do. In substance, the findings are that the real estate contract was entered into August 27, 1929, and was modified September 23, 1929, by an additional clause providing that the appellants, vendors in the real estate contract, would make all payments to become due according to a certain mortgage on the premises, executed by all of the parties to the real estate contract subsequent to the execution of the real estate contract, all the proceeds of which mortgage were paid and delivered to the appellants; that the total price to be paid for the real estate was fifteen thousand dollars, which was to be paid in monthly installments over a period of time running several years later than the commencement of this action. The contract required the purchaser to make not less than four thousand dollars' worth of improvements on the real property.

"(2) That prior to the consummation of said sale, plaintiffs exhibited the property which they proposed to convey, to the defendants and pointed out to defendants the alleged east line of said property and stated and represented to the defendants that said line ran as far to the east as the line of certain vegetation, pointed out to defendants, and took the defendants out to a certain gravel bar lying along the east edge of said line of vegetation and there pointed out to defendants the north and south line of said land, claimed by them to be the eastern boundary thereof and then and there represented to defendants that they owned all of the land from said line west to and beyond the Olympic Highway.

"That the said line was a water front line, irregular in its course and that defendants had no means of ascertaining, without a survey, the exact location of the line, there being no stakes or corners available or shown to them from which an accurate knowledge could be had and that they were obliged to rely upon and did rely upon the representations made by plain-

tiffs as to the location and extent of said property and particularly the location of the east line thereof.

"That plaintiffs were fully aware at the time of execution of said contract, that defendants intended to improve the said property lying east of said highway by placing thereon a dance hall and other buildings, and that the defendants did place said improvements upon said land lying east of said highway and expended in making said improvements the sum of $12,-233.27. That the said improvements consisted of a large dance hall known as the 'Blue Ox' and a smaller residence building known as the 'Baby Ox,' a water system, filling and grading of land and removal of debris and that plaintiffs were fully aware of the fact that such improvements were being made, during such construction period.

"(3) That the chief value of the said property covered by said contract consisted in that portion thereof represented by plaintiffs as lying east of the said Olympic Highway and that defendants would not have purchased the said property had they not believed the representations of plaintiffs that said property lying east of said road was a part of the said lot 1 above described.

"(4) That the major portion of the said lands, lying east of said highway are now and were at the time of the execution of said contract, the property of the State of Washington, being state tide lands and that the improvements hereinabove mentioned and described, are located upon said state tide lands; that plaintiffs have not now and did not have at the time of the execution of said contract any right or title in or to said tide lands, and have not at any time been able and are not now able to convey to defendants a title to the land lying east of the said Olympic Highway of which they represented themselves to be the owners at the time of execution of said contract of sale.

"(5) That subsequent to the time of execution of said contract of sale, the defendants C. H. Shively and Edna R. Shively were divorced and under the decree of divorce entered in said cause in above entitled court, the said defendant Edna R. Shively succeeded to all the right, title and interest of said C. H. Shively

in and to the property hereinabove mentioned and described.

"(6) That defendants paid upon the purchase price named in said contract the sum of $1,675.

"(7) That on or about the 30th day of November, 1931, plaintiffs caused to be served upon Edna R. Shively a notice of forfeiture of the said contract of sale.

"(8) That at the time of service of said notice, the plaintiffs were delinquent upon the interest payments of said $4,000 mortgage, which under the terms of said contract they had agreed to pay and the said mortgage was at the time of service of said notice of forfeiture, subject to foreclosure.

"(9) That the defendant Edna R. Shively became aware of such delinquency a few days prior to the service of said notice of forfeiture and that during the month of November, 1931, said defendant made an investigation relative to the ownership of the land lying east of said Olympic Highway, and learned for the first time, on the day such notice of forfeiture was served upon her, that the said land belonged to the state of Washington.

"(10) That by reason of the false representations made by plaintiffs to defendants as to the boundaries of the property described in said contract of sale, the defendant Edna R. Shively has been damaged in the sum of $12,233.27, being the value of the improvements placed upon state tide lands, and in the further sum of $1,675 paid upon the purchase price of said property, together with interest on said payments upon the purchase price from the dates of payment thereof to date of entry of judgment herein.

"(11) That defendant is entitled to a rescission of said contract of sale.

"(12) That the said tide lands together with the improvements thereon, hereinabove described, are subject to sale by the State of Washington, under that statute relating to tide lands.

"(13) That the predecessors in interest of the said lot 1, section 1, tp. 22 N. R. 4 W. W. M. acquired title to said property subsequent to the entry of the State of Washington into the Union by a cash entry

480

and that title to said property does not include the title to said tide lands upon the theory of relation back to original acts looking toward the acquisition thereof.''

The judgment from which appeal has been taken is in accordance with and justified by the findings. *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Snarski v. Washington State Colonization Co.*, 53 Wash. 221, 101 Pac. 839; *Henderson v. Miller*, 119 Wash. 362, 205 Pac. 1; *Yarnall v. Knickerbocker Co.*, 120 Wash. 205, 206 Pac. 936.

Affirmed.

MAIN, HOLCOMB, MILLARD, and BLAKE, JJ., concur.