[No. 14042.   Department Two.   June 22, 1917.]

FRED L. SOWLES *et al., Appellants,* v. W. W. FLEETWOOD
*et al., Respondents.*[1]

SALES—RESCISSION—FRAUD.  Upon the sale of the furniture and
good will of a hotel business, false representations as to the value
of the business and the amount of monthly profits, peculiarly within
the knowledge of the seller, and inducing the sale, may be relied
upon by the purchaser, notwithstanding an inspection of the furni-
ture which was also overvalued.

SAME—FRAUD—RATIFICATION—REMEDIES OF VENDEE—LACHES.  The
purchaser of the furniture and good will of a hotel business may
retain the benefits of the contract and make defense to an action on
the purchase money notes, commenced nine months later, without
being guilty of laches precluding the defense of fraud in misrepre-
sentations inducing the sale.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered January 11, 1916, upon
findings in favor of the defendants, in an action on promis-
sory notes and to foreclose a chattel mortgage, tried to the
court.   Affirmed.

*Thomas M. Vance* and *Parr & Marts,* for appellants.

*R. H. Fry* and *Troy & Sturdevant,* for respondents.

PARKER, J.—The plaintiffs, Sowles and wife, commenced
this action in the superior court for Thurston county, seek-
ing recovery upon two promissory notes and the foreclosure
of a chattel mortgage securing the same, executed by the
defendants Fleetwood and wife.   The notes evidence a debt
for a balance of $1,500 due upon the purchase price of the
furniture and good will of the Willard Hotel, a rooming
house in Olympia which had been purchased by the defend-
ants from the plaintiffs.   The defendants admit the purchase
of the business and the execution of the notes and mortgage
for the balance of the purchase price, but defend against re-

[1]Reported in 165 Pac. 1056.

covery thereon by claiming damages in the sum of $2,000 resulting to them from false and fraudulent representations made to the defendants inducing them to purchase the business. Trial in the superior court upon the merits resulted in judgment and decree in effect awarding the defendants damages against the plaintiffs in the sum of $1,500, offsetting the balance due upon the purchase price, and cancelling the notes and mortgage. From this disposition of the case, the plaintiffs have appealed to this court.

For several years prior to January, 1915, appellants owned the furniture and good will of the Willard Hotel, occupying a building under a lease. While the property was evidently community property, the business was under the management and control of Mrs. Sowles. Early in January of that year, negotiations were commenced between respondents and Mrs. Sowles looking to the purchase of the business by respondents. Respondents, up to that time, had been farmers and were wholly inexperienced in the hotel business, of which fact Mrs. Sowles was fully aware at the time she was dealing with them. Mrs. Sowles asked $2,500 for the business. Respondents, after looking at the rooms and furniture, expressed themselves as considering the price too high. This belief on their part was manifestly because of their view of the value of the furniture. Mrs. Sowles told them that the business was worth all that she was asking for it and that she had two offers of $2,000 for the business, one of which she told them was a standing offer, naming the persons who she claimed made such offers. She also told them that the business had been, and was then, making $200 per month clear. Relying upon these representations, respondents consummated the purchase on January 16, paying Mrs. Sowles $1,000 in cash and executing the notes and mortgage above mentioned for the balance of $1,500.

The evidence is not free from conflict, but we think it fully warrants the conclusion that these statements were made by Mrs. Sowles, that they were false, that they were made with

the intention of having respondents rely thereon, and to induce them to purchase the business. We think, also, that the evidence warrants the conclusion that respondents did rely upon these statements of Mrs. Sowles and that they were induced thereby to purchase the business, and that they did not have readily at hand any means of ascertaining their falsity. That they were statements of fact the truth or falsity of which were peculiarly within the knowledge of Mrs. Sowles is, of course, evident. The evidence is all but conclusive that the furniture was not worth over $500, and if the statements of Mrs. Sowles touching the value of the business related only to the value of the furniture, respondents might not be permitted to complain, in view of their inspection of the furniture before the purchase, but manifestly the good will and earning power of the business as an established business, as represented by Mrs. Sowles, was the real inducement leading respondents to purchase it at the price of $2,-500. The evidence, we think, also warrants the conclusion that the total value of the furniture and business in no event exceeded $1,000, the amount paid in cash by respondents upon the purchase price. This manifestly, in substance, is the view of the evidence taken by the learned trial judge, and we think that he was fully warranted in so viewing it. We think it would be unprofitable to discuss the evidence in detail here. With these facts before us, the law of the case seems a simple matter, in view of our repeated decisions, and plainly calls for an affirmance of the judgment rendered by the trial court. *Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B 1069; *Duffy v. Blake,* 80 Wash. 643, 141 Pac. 1149; *Christensen v. Koch,* 85 Wash. 472, 148 Pac. 585; *George v. Kurdy,* 92 Wash. 277, 158 Pac. 965.

Some contention is made in appellants' behalf that respondents should be held to have affirmed the contract and waived any remedy they might have as against appellants, because of lapse of time and their continuance in possession of the business. We have seen that the sale was consummated on

January 16, 1915. This action was commenced in August
of the same year shortly after the maturity of the notes. It
was then, for the first time, that respondents asserted their
claim of damage. It is possible that there was such a lapse
of time as would have prevented respondents from rescinding
the sale and seeking relief in equity to that end, but we are to
remember that respondents' claim made in this action is in
effect a suit for damages on their part, and the fact that it
is invoked by way of set-off or counterclaim in this equitable
foreclosure action does not change its nature so far as their
right to assert it is concerned. Viewed as such, manifestly
it was brought within the period prescribed by law. It seems
plain, therefore, that their right to so assert their claim for
damages is not lost by lapse of time, whatever may be said of
their right to rescission. In *Pronger v. Old Nat. Bank*, 20
Wash. 618, 56 Pac. 391, Judge Fullerton, speaking for the
court, said:

"Nor does an affirmance of the contract after discovery of
the fraud extinguish the right to an action for damages on
account of the fraud. An affirmance bars only the right to
rescind. All other remedies remain unimpaired."

In *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180, Judge
Hadley, speaking for the court, said:

"Ordinarily it is the injured party who seeks a rescission.
He may pursue either the equitable remedy of rescission, and
offer to place the other party *in statu quo* by tendering back
the benefits of the contract, or he may retain the benefits of
the contract and bring his action at law for his damages."

We conclude the judgment must be affirmed. It is so
ordered.

ELLIS, C. J., MOUNT, HOLCOMB, and FULLERTON, JJ., con-
cur.