[No. 16327.   Department Two.   July 28, 1921.]

ANNA BROWN, *Respondent*, v. J. H. HOFFMAN *et al.,*
*Appellants.*[1]

SALES (53)—RESCISSION BY BUYER—FRAUD—OPPORTUNITY FOR IN-
SPECTION.   Where the sale of a rooming house was induced by false
representations of the seller as to the condition of the business and
its net income, the purchaser would be entitled to rescind the con-
tract, notwithstanding an examination of the property had been
made before its purchase.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered February 2, 1920,
in favor of plaintiff, in an action to rescind a contract
for fraud, tried to the court.   Affirmed.

*E. B. Quackenbush,* for appellants.
*Frank H. Kinsell,* for respondent.

MAIN, J.—The purpose of this action was to rescind
a contract for the purchase of a rooming house in the
city of Spokane and to recover back the portion of the
purchase price which had been paid.   The trial resulted
in a decree awarding to the plaintiff the relief sought.
From this judgment, the defendants appeal.

On the 24th day of June, 1918, the appellants were
the owners of a rooming house, and through negotia-
tions conducted by the appellant J. H. Hoffman, the
same was sold to the respondent.   The respondent re-
mained in possession approximately one month, when
she notified the appellants of her intention to rescind
the contract, claiming that it had been induced by
fraudulent representations.

In the complaint, a number of false representations
are charged, but upon the trial the issue narrowed

[1]Reported in 199 Pac. 742.

practically as to whether there was a misrepresentation as to the condition of the business and its net income. Upon this issue the evidence is in direct conflict. The trial court made no formal findings, but entered a decree which was equivalent to holding that the contract had been induced by fraud. It would serve no useful purpose to discuss the evidence in detail. It is sufficient to say that, after a careful examination of all the evidence, we are of the opinion that the trial judge reached the correct conclusion and that his judgment should be sustained.

This case is very similar to that of *Sowles v. Fleetwood*, 97 Wash. 166, 165 Pac. 1056, where it was held that the net income of a rooming house was a fact peculiarly within the knowledge of the seller and one upon which the purchaser had a right to rely, and if misrepresentation as to this fact was made, it would amount to fraud. So here, the respondent had a right to rely upon the representation of the seller as to the net income of the business. If the evidence offered on behalf of the respondent is to be believed, there was a serious misstatement of facts in this regard. The income was very materially less than it had been represented to be. The fact that the respondent examined the property before its purchase does not relieve the appellant from the charge of fraud, as held in the *Fleetwood* case, if there was misrepresentation as to the net income.

The judgment will be affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.