[No. 16207.  Department One.  September 8, 1921.]

## HERMAN A. HOROWITZ, *Appellant*, v. H. A. KUEHL *et al.*, *Respondents.*[1]

FRAUD (5)—SALES—MISREPRESENTATIONS—VALUE OF PROPERTY—FUTURE EVENTS OR EXISTING FACTS.  False representations as to the standing of a musicians' directory are not mere "trade talk" or "seller's praise" but are actionable, when made with intent to deceive, and they did deceive the purchaser, as to the value, although connected with future events, intermingled with existing facts, which formed an integral part thereof.

EVIDENCE (104)—HEARSAY—DECLARATION OF THIRD PERSONS—ADMISSIBILITY.  Under the rule that evidence of matters of general reputation or notoriety is not hearsay, it was competent, upon an issue as to the standing of a directory of musicians among musicians, for one of that class to testify that the directory had no standing, though his knowledge was based on inquiry among musicians.

BILLS AND NOTES (127)—ACTIONS—ADMISSIBILITY OF EVIDENCE—FRAUD.  In an action on a promissory note, to which the defense was set up that it was procured through false and fraudulent representations as consideration for the sale of publishing rights for a directory in certain territory, evidence concerning the acts and conduct of the seller subsequent to the consummation of the sale was properly admissible upon the issue of fraud.

MACKINTOSH, J., dissents.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered April 6, 1920, upon the verdict of a jury rendered in favor of the defendants, in an action on a promissory note.  Affirmed.

*Winter S. Martin* and *Ralph H. Higgins,* for appellant.

*Lundin & Barto,* for respondents.

FULLERTON, J. — The appellant, Horowitz, brought this action against the respondents, Kuehl, Wood and Penny, to recover upon a promissory note, payable to himself or to his order, in the sum of two hundred

[1]Reported in 200 Pac. 570.

and twenty-five dollars. The respondents answered, admitting the execution and delivery of the note and its nonpayment, and as an affirmative defense and cross-complaint, alleged that the note, together with one hundred dollars in cash, was given to the appellant as the purchase price for the exclusive right to use the trade name of "National Musicians' Directory Co.," and the exclusive right to publish a musicians' directory in the states of Washington, Oregon, Utah, Idaho and California; that the rights granted were of no value; and that they were induced to enter into the contract because of false and fraudulent representations made to them by the appellant. After issue joined, the action was tried by the court sitting with a jury, and resulted in a verdict and judgment to the effect that the appellant take nothing upon his cause of action, and that the respondents recover the one hundred dollars paid.

The errors assigned on the appeal are twenty-five in number, but as many of them suggest the same question in different forms only, separate consideration of each of them is not required.

In the answer, the false and fraudulent representations inducing the sale were charged in the following language:

"That the said plaintiff represented to said defendants that the musicians' directory published by the National Musicians' Directory Company was the only musicians' directory published in the states of Washington, Oregon, Utah, Idaho and California; that the National Musicians' Directory Company had a copyright and no other musicians' directory could be published in said states; that the National Musicans' Directory was the only directory of musicians published in the United States; that the National Musicians' Directory then and there had such a high standing with the musicians in the northwest that 95 per cent of the

musicians would renew their subscriptions without so-licitation; that the plaintiff had made over $10,000 by selling the directory in Chicago alone, and that he had made $80,000 by publishing these directories.''

The appellant moved to strike these allegations, and after its motion had been overruled, interposed a general demurrer to the cross-complaint, which was likewise overruled. The first of the errors assigned are based upon these rulings, the contention being that the representations charged are not actionable, even though falsely and fraudulently made. The argument is that the statements are in part too remote, and are in part nothing more than what is commonly denominated "trade talk" or "seller's praise," and relate in part to future events, not to an existing fact. None of these objections is, in our opinion, well taken. They related, for the greater part at least, to past and existing facts, and were of such a nature that they would have greatly added to the value of a thing purchased, if true. Particularly, objection is made to the allegation that the appellant had made more than ten thousand dollars by selling the directory in Chicago alone, and had made eighty thousand dollars by publishing the directories. It may be that these statements were not intended to be understood literally, and it may be that the purchasers had no right to so understand them, but this is a very common way of representing a thing as having value, and in this sense the purchaser had a clear right to understand them. False representations as to the value of a thing sold, when made with intent to deceive, and when they do deceive the purchaser to his injury, are actionable. Particular objection is made also to the statement that the directory had such high standing among the musicians of the northwest that ninety-five per centum of them would renew their subscriptions to the publication

without solicitation. But this, likewise, is a representation of value, and the objection that it relates to future events and not to an existing fact is not tenable. Moreover, it is not the rule that all false representations as to future events are nonactionable. When they are so intermingled with existing facts as to form an integral part thereof, the representation as a whole may be shown. Such was our holding in *Fischer v. Hillman,* 68 Wash. 222, 122 Pac. 1016, 39 L. R. A. (N. S.) 1140. It is true that the precise question was not there discussed, but the conclusion announced could rest upon no other principle. See, also, *Stanton v. Zercher,* 101 Wash. 383, 172 Pac. 559; *Sowles v. Fleetwood,* 97 Wash. 166, 165 Pac. 1056. It follows that there was no error in the rulings to which complaint is made.

The second branch of the errors assigned relate to the admission of evidence. These, for the most part, suggest in another form the questions already noticed and need no further consideration. Among the assignments not so suggested are the following: In support of the allegation in the answer to the effect that the appellant had falsely represented the standing of the directory among musicians of the northwest, the respondents called one of their number and interrogated him as to the standing of the directory among such musicians. He answered that it had no standing, and on further questioning answered that he had acquired his knowledge of the fact by inquiry from among the musicians. A motion to strike the testimony was overruled, and error is predicated thereon for the stated reason that the testimony was hearsay. We do not so understand the rule. As said by Professor Greenleaf in his work on Evidence, vol. 1, § 101:

". . . evidence of general reputation, reputed ownership, public rumor, general notoriety, and the

like, though composed of the speech of third persons not under oath, is original evidence and not hearsay; the subject of the inquiry being the concurrence of many voices to the same fact.''

On this principle the witness was competent to testify to the fact. Testimony was also admitted, over objection, concerning acts and conduct of the appellant subsequent to the consummation of the sale. It was objected to this that it tended to show a breach of warranty of the contract of sale rather than fraud in the execution of the contract. But, without setting out the evidence at length, it is enough to say that it bore upon the good faith of the appellant and was evidence which the jury were entitled to consider when considering the question whether the sale was induced by false and fraudulent representations.

The remaining assignments relate to instructions given the jury and to instructions requested which the court refused. They require no special consideration. The instructions given covered the entire issues, were impartial, and are commendable for their extreme clarity. The court in this regard performed its full duty and no error resulted, even though certain of the requested instructions might have been properly given.

The judgment is affirmed.

PARKER, C. J., BRIDGES, and HOLCOMB, JJ., concur.

MACKINTOSH, J. (dissenting) — The pleadings and the proof, as I understand them, present no facts constituting actionable fraud. The representations which were made relate largely to things which were in the nature of expectations, and those which can be interpreted as being statements of past or present facts were not the ones which induced the making of the contract. I therefore dissent.