[No. 17422.    Department One.    December 21, 1922.]

DELBERT M. WESCOTT, *Respondent*, v. H. H. WOOD *et al.*, *Appellants*, C. B. JONES *et al.*, *Defendants.*[1]

FRAUD (6, 7)—MISREPRESENTATIONS—RELIANCE ON—DUTY TO INVESTIGATE. The purchaser of furniture in a rooming house has a right to rely on representations of the seller that he was the owner and that another (the true owner) had no interest in it, without making any investigation, since the facts were peculiarly within the seller's knowledge.

SAME (16)—ACTIONS—COMPLAINT—SUFFICIENCY. In an action for fraudulent representations, it is not necessary that the complaint allege that there were no fiduciary relations, or that plaintiff did not have actual knowledge of their falsity, where it alleges that plaintiff relied upon their truth.

SAME (18)—ACTIONS—EVIDENCE—ADMISSIBILITY. In an action for fraudulent representations on the sale of rooming house furniture, in which plaintiff assumed and discharged a chattel mortgage by turning in an automobile, the value of the automobile is immaterial.

TRIAL (93)—INSTRUCTIONS—APPLICATION TO CASE. It is not error to refuse an instruction as to the knowledge of an agent being binding on the principal where the question of agency was not in the case.

SAME (101)—INSTRUCTIONS—REQUESTS ALREADY GIVEN. It is not error to refuse a requested instruction, where it was covered in the instructions as a whole.

[1]Reported in 212 Pac. 144.

Appeal from a judgment of the superior court for King county, Card, J., entered April 8, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for fraud.   Affirmed.

*Longfellow & Fitzpatrick,* for appellants.
*Winter S. Martin,* for respondent.

BRIDGES, J.—Suit for damages on account of alleged fraudulent representations.   The defendants have appealed from a judgment against them based upon the jury's verdict.

The appellants' claim of error because of the overruling of their demurrer to the complaint can be best presented following a discussion of their claim that the court erred in not granting a nonsuit, in not granting judgment notwithstanding the verdict, and in refusing a new trial.

The respondent's testimony shows the following facts:   In July, 1921, appellant H. H. Wood received a two-year lease from the owner of a tract of land 120 feet by 120 feet, located at the northwest corner of James street and Terry avenue, in the city of Seattle. On the immediate corner formed by these streets was a building in which a grocery business was carried on. Immediately to the west of the grocery store, and on the same tract, were two rooming houses.   These were all included within the lease.   The respondent, being desirous of carrying on the rooming house business in Seattle, visited the real estate firm of Dineen and Hannan.   There he learned that the rooming house in question was occupied by the defendant Jones, who desired to sell his furniture and leasehold interest.   The respondent visited Jones' place, examined the furniture and was pleased with the proposition, but was advised to talk with a Mr. Morgan, who was carrying on the

grocery business above mentioned. Mr. Morgan told respondent that he thought he would operate the rooming house himself, but did not go into any particulars concerning what, if any, interest he had in the houses. Thereupon the respondent abandoned the whole transaction. A few days later he was informed that the appellant Wood had complete control of the houses, and an engagement was made and the parties met at the real estate office of Dineen and Hannan. There respondent informed the appellant that he had been talking with Mr. Jones, the tenant of the rooming houses, concerning purchasing his interest, but did not want to consummate the deal unless he could rely on staying in the premises at least one year. Appellant informed him that he, appellant, had a lease of that property from the owners, Stirrat & Goetz Investment Company of Seattle, and had full power over the property. He further asserted that Mr. Morgan had no interest whatsoever in, or control over, the houses, and that it would be perfectly safe for respondent to deal with Mr. Jones, with the assurance that appellant would permit him to remain in possession of the property so long as he paid his rent promptly.

Relying upon these representations, respondent renewed his negotiations with Mr. Jones, with the result that he purchased the furniture of the latter, paying $500 in cash and assuming two mortgages on the furniture, one for $460, and another for a somewhat less sum. After respondent had been in possession of the property a few weeks, Mr. Morgan informed him that he had no right there and must vacate, and gave him written notice to that effect. It appears that, prior to the time the appellant made the representations testified to by the respondent, he had obtained a lease of the property from the owners but had assigned or trans-

ferred it to Mr. Morgan, and that the latter had full charge of the property. The respondent quit the premises in compliance with the demand of Mr. Morgan. Being unable to find any other satisfactory place in which to carry on his business, he discharged the $460 mortgage by turning the furniture over to the holder thereof. Prior to that time he had discharged the other mortgage by turning over an automobile owned by him.

It is contended that these facts are insufficient to support the verdict; that they show respondent had such knowledge concerning Mr. Morgan's interest that he was bound to investigate; and, in any event, the leases being close at hand, it was the respondent's duty to investigate them and not rely upon the representations made by the appellant. We cannot agree with either of these contentions. At no time was the respondent informed as to what interest Mr. Morgan had in the property. The utmost he knew was that the latter had told him that he was thinking of operating the rooming houses himself. According to respondent's testimony—which, of course, the jury had a right to believe—the representations made by the appellant were not only material, but were with reference to matters which rested peculiarly within his own knowledge. Being informed by the appellant that he had complete control of the rooming houses, and had a right to lease them, and that Mr. Morgan had no rights therein whatever, respondent had a right to rely upon such representations and was not bound to investigate their truth. This case is very different from those cases out of this court where real estate or personal property had been sold or traded and the property is immediately at hand and the purchaser can investigate for himself. There is nothing in the facts, as testified to by respondent, which would even intimate to him the

necessity of testing the truth of the representations made by the appellant.

In the case of *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, we quoted and approved the following in 14 Am. & Eng. Ency. Law (2d ed.), p. 120:

"By the overwhelming weight of authority, ordinary prudence and diligence do not require a person to test the truth of representations made to him by another as of his own knowledge, and with the intention that they shall be acted upon, if the facts are peculiarly within the other party's knowledge or means of knowledge, though they are not exclusively so, and though the party to whom the representations are made may have an opportunity of ascertaining the truth for himself. . . Indeed, it has been held that a person is justified in relying upon a representation made to him, in all cases where the representation is a positive statement of fact, and where an investigation would be required to discover the truth."

Where the facts concerning which representations are made are peculiarly within the personal knowledge of the person making the representations, there is ordinarily no duty resting on the party to whom the representations are made to investigate. *Christensen v. Koch*, 85 Wash. 472, 148 Pac. 585; *Sowles v. Fleetwood*, 97 Wash. 166, 165 Pac. 1056; *Brown v. Hoffman*, 116 Wash. 430, 199 Pac. 742. Respondent was told that the owners of the property had the leases. But an examination of them would not necessarily show whether Mr. Morgan had any interest in the premises. Appellant had said that he had nothing to do with the matter. Under ordinary circumstances it would be difficult for respondent to test the truth of this representation. The facts were peculiarly within the knowledge of appellant, and respondent had a right to rely on such representations without a personal investigation as

to their truth. Indeed, the representations were such as would naturally lead respondent to deem it unnecessary to make any investigation.

It is contended, however, that the demurrer to the complaint should have been sustained because it failed to allege that the respondent did not have actual knowledge concerning the matters which he claimed were falsely represented to him by the appellant, and because it failed to allege that the parties were dealing at arm's length, and because it failed to negative the idea that the respondent had an opportunity to investigate for himself. It is not necessary that the complaint allege that there was no fiduciary relationship. That is a matter which should be brought out in the testimony. It is true that the complaint does not explicitly allege that the respondent did not have actual knowledge concerning the alleged false representations by the appellant, but it does allege that the appellant made such false representations and that the respondent relied upon them and completed the transaction in question because of such reliance. The necessary inference from these allegations must be that he was ignorant of the falsity of the representations made by the appellant.

Nor was it necessary that the complaint should explicitly allege that the respondent did not test, or did not have an opportunity to test, the truth of the representations made by the appellant. What we have heretofore said concerning the motion for nonsuit is applicable here. The representations were with reference to matters peculiarly within the knowledge of the appellant, and it was neither necessary to allege or prove that the respondent could, or could not, have tested the truth of such representations. 27 C. J. 35; *Raser v. Moomaw,* 78 Wash. 653, 139 Pac. 622, 51

L. R. A. (N. S.) 707; *Curtley v. Security Sav. Soc.,* 46 Wash. 50, 89 Pac. 180; *Zimmern v. Blount,* 238 Fed. 740.

It will be remembered that, in purchasing the furniture from Mr. Jones, the respondent assumed and agreed to pay two certain mortgages, and that he discharged one of these by turning over to the holder thereof his automobile. Appellant contends that the court erred in not permitting him to cross-examine the respondent concerning the actual value of the automobile. The court's ruling was correct. It was immaterial to this action what the value of the machine was. It actually went to discharge a debt which the respondent had assumed because of the representations which appellant made.

Objections are made to various instructions given by the court to the jury. We do not deem it necessary to discuss these matters in detail; suffice it to say the instructions were in great detail, and, in our opinion, correctly stated the law of the case.

Complaint is also made that the court refused to give requested instructions concerning the knowledge of an agent being binding upon the principal. There was some testimony tending to show that the real estate agents had some knowledge concerning Mr. Morgan's rights in the premises. The question of agency was not in the case. All the testimony shows that Mr. Jones listed his property with the agents for sale, and that they were his agents and in no manner and at no time represented the respondent.

Appellant also requested the court to instruct concerning the necessity of the respondent to investigate the truth of the representations made by the appellant, and here assigns error for the failure of the court so to do. In the first place, the requested instruction, as a

whole, did not state the law, and for that reason it was properly refused. Aside from that, the court's ruling was right for the reason we have heretofore given, that the representations were within the knowledge of the appellant and no investigation by the respondent was, under the circumstances of the case, required.

The errors claimed on account of the admission of testimony are without merit. It is plain that the case was fairly submitted to the jury and that there are no errors.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.