[No. 20231.   Department Two.   March 31, 1927.]

B. C. CRABTREE *et al.*, *Respondents*, v. R. H. McDANIEL, *Appellant*.[1]

[1] JUDGMENT (215)—RES JUDICATA—MATTERS WHICH MIGHT HAVE BEEN LITIGATED.   A judgment for plaintiff for $1,000, in an action for fraud and deceit in a sale of lands to plaintiff, in which defendant set up as an affirmative defense that plaintiff had assumed payment and failed to pay a mortgage on the premises, and that defendant had been compelled to pay the same and was prosecuting an action to foreclose it, is *res adjudicata* as to said defense, and bars any judgment or further prosecution of the action on the mortgage assumption and foreclosure, which was presumably litigated in the other cause, first tried out.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 30, 1926, upon findings in favor of the plaintiffs, in an action to foreclose a mortgage, tried to the court.   Reversed.

*Chas. W. Johnson,* and *Raleigh P. Swanner,* for appellant.

*Peringer & Thomas,* for respondents.

TOLMAN, J.—Respondents as plaintiffs, in their complaint in this action, alleged that, on February 14, 1922, they were the owners and in possession of certain real estate situated in Walla Walla county and that on that day, for a valuable consideration, they sold and conveyed the same to the defendant, and that the defendant, as a part of the consideration and purchase price, assumed and agreed to pay a certain mortgage, amounting to the sum of two thousand dollars and interest thereon, then a lien on the real estate conveyed; that the defendant failed to pay the interest becoming due on the mortgage, so that the holder

¹Reported in 254 Pac. 1092.

thereof declared the sum secured thereby due and threatened action against the plaintiffs; that the plaintiffs, to prevent costs and to protect themselves, paid the amount due and caused the mortgage and the note thereby secured to be assigned to their son, Harry Crabtree, but that they (the plaintiffs) thus became and ever since have been holders of the note and mortgage; and the prayer of the complaint is for a judgment against defendant for two thousand dollars with interest, for attorney's fees, for foreclosure of the mortgage, and a deficiency judgment.

Answering the complaint, the defendant, among other things, alleged in effect that the sale of the real estate to him was procured through fraud and misrepresentations, and that the fact that the sale and the assumption of the mortgage had been procured by fraud was adjudicated in the superior court in and for Whatcom county in an action entitled, R. H. McDaniel v. B. C. Crabtree and Mary B. Crabtree, his wife,

". . . and a verdict and judgment establishing such fraud being entered in said cause in said Whatcom county on the 7th day of December, 1925; such judgment and decree never having been set aside is in full force and effect; that the issue of fraud in said transaction was one of the issues litigated and adjudicated in said cause."

These matters were denied by the reply, it being therein alleged that the Whatcom county action was one for damages for deceit and not one to rescind the contract.

The case came on for trial before the court sitting without a jury, resulting in findings to the effect that the mortgage was assumed as alleged, that the defendant failed to pay the interest as it matured, that the plaintiffs, to prevent suit against themselves, purchased the note and mortgage, paying therefor the sum

of seven hundred dollars, took an assignment to their son, who afterwards assigned the note and mortgage to them, and that they were and are the owners thereof. A judgment followed in favor of the plaintiffs against the defendant for seven hundred dollars, with interest from the date of the purchase of the mortgage by the plaintiffs, together with an attorney's fee and costs. From this judgment, the defendant has appealed.

It appears that, in support of the allegations of the affirmative defense of *res judicata,* the defendant introduced the judgment roll in the Whatcom county case. From the complaint in that case it does appear that the action was one for fraud and deceit, and not one to set aside and rescind the contract on the ground of fraud. But in the answer of the defendants in that case (the respondents here), it is alleged affirmatively, among other things,

". . . that the plaintiff, although he retained the said deed for the Walla Walla county land, failed to place the same of record, failed and refused to pay any taxes, and failed to cultivate or take care of the said land, and failed to pay the mortgage of $2,000 that was against said land, which he assumed and agreed to pay; that the defendants, in order to protect their interests, have been compelled to pay the said $2,000 mortgage, and the said mortgage has been assigned to the defendants and an action has been commenced by the defendants to foreclose the said mortgage in Walla Walla county."

And the prayer is

". . . that the plaintiff's complaint be dismissed and that the defendants have and recover from the plaintiff the said sum of $7,500 with costs of suit."

[1] Does this defense, thus presented in the Whatcom county case, raise an issue upon which respondents in this case might have recovered in that case the

amount of the mortgage or the amount which they paid to purchase the mortgage? We 'think it does. Under the allegation quoted, respondents were entitled to and probably did present in the Whatcom county case all of the evidence which they presented in this case relating to the assumption and non-payment of the mortgage by the appellant, and thus were entitled to have the jury in the Whatcom county case offset the amount of their damage by reason of such nonpayment by the appellant; and since the judgment roll discloses a verdict and judgment in favor of the plaintiff in the Whatcom county case in the sum of one thousand dollars, where he sought the recovery of eight thousand dollars, it must be assumed that this issue was litigated and that respondents there received the full credit to which they were entitled. The law is not in doubt; and perhaps it is as well settled and as free from conflict as any principle of law of universal application. It is said in 34 C. J. 854:

"All defenses to plaintiff's cause of action which were set up and adjudicated are concluded by a judgment for plaintiff, so that they cannot thereafter be urged as against further proceedings upon the same cause of action, or upon the judgment itself, or in further litigation between the same parties upon the same subject matter. Under this rule matters alleged by way of defense to an action, and fully negatived by the judgment therein, cannot afterward be made the basis of a new action by the former defendant against the former plaintiff, even though in the subsequent action the complaint amplifies the former defense by stating the evidence to prove it."

And in the same volume it is further said, at p. 856:

"It is a general rule that a valid judgment for plaintiff is conclusive not only as to defenses which were set up and adjudicated, but also as to those which might have been raised; so that defendant can neither set

up such defenses in a second action or in further proceedings in the same action, nor can such defenses be used by the former defendant as the basis of a subsequent action against the former plaintiff.''

The principle has been recognized and approved by this court in *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49, and cases there cited. See, also, *Crandall v. Iten*, 128 Wash. 277, 222 Pac. 894.

The fact that this case was first instituted can have no effect upon the situation. The Whatcom county case was first tried, and opportunity was there afforded to litigate all of the matters growing out of the particular transaction. Presumably they were all so litigated, and the judgment in the Whatcom county case is *res judicata.*

The judgment appealed from is reversed, with directions to dismiss the action.

MACKINTOSH, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.