[No. 20126. Department One. April 1, 1927.]

R. H. McDANIEL, *Respondent*, v. B. C. CRABTREE *et al.*, *Appellants.*[1]

[1] FRAUD (18)—ACTIONS—EVIDENCE—ADMISSIBILITY. Upon an issue as to fraudulent representations as to the adequacy of a water supply for irrigation, it is admissible to show that the supply was inadequate two years thereafter.

[2] SAME (1, 26)—ELEMENTS OF ACTUAL FRAUD—INTENT—SCIENTER. It is no defense to the false statements of material facts susceptible of knowledge, that the defendant believed his statements to be true when he made them.

[3] SAME (11)—ACTION—WAIVER OF RIGHT. Laches, short of the statute of limitations, will not bar an action for damages for false representations in a trade.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 7, 1925, upon the verdict of a jury in favor of the plaintiff, in an action for damages for fraud. Affirmed.

[1]Reported in 254 Pac. 1091.

*Peringer & Thomas,* for appellants.

*Chas. W. Johnson* and *Raleigh P. Swanner,* for respondent.

FULLERTON, J.—In February, 1922, the respondent, McDaniel, was the owner of certain timber lands located in Skagit county. The appellants, Crabtree, were the owners of land situated in Walla Walla county. In the month named, the parties made an exchange of their properties. In July, 1924, the respondent, conceiving that he had been overreached by false and fraudulent representations as to the character of the land in Walla Walla county, brought the present action to recover in damages for the loss suffered by the exchange. He laid his damages in the sum of $8,000. The cause was tried to a jury, who returned a verdict in favor of the respondent for the sum of $1,000. This appeal is from the judgment entered upon the verdict.

The appellants make four assignments of error:

"(1)   That the trial court erred in permitting the respondent, R. H. McDaniel, to testify as to the condition of the irrigation system.

"(2)   That the court erred in giving the jury Instruction No. 5.

"(3)   Because of laches, the respondent was estopped from bringing the action.

"(4)   That the plaintiff failed to establish that the defendant, B. C. Crabtree, knowingly made any false representations in regard to the said water system or water right, or as to the conditon of the land."

[1]   It appeared that the land in Walla Walla county was arid land and would not produce crops without irrigation. One of the allegations of the complaint was that the appellants had made false and fraudulent representations as to the sufficiency of the water supply. To prove this allegation, the respondent was put

upon the witness stand. In the course of his examination, he testified as to the sufficiency of the supply for the year 1924, some two years after the exchange of the lands had been made, saying that there was a shortage of water all that season; that

". . . the gardens even all dried up; not enough water to keep the gardens green. The first crop of alfalfa dried up."

It was objected that this was too remote, and not evidence of the condition of the water supply at the time the exchange of the lands was made. A motion was made to strike the answer, which the court overruled, using this language:

"Let it stand. We will find out whether the conditions were the same or otherwise. The presumption would be that the conditions were the same."

It is a general rule, of course, that presumptions do not run backwards, and it may be that the court gave a wrong reason for its ruling. But the evidence was competent nevertheless. The representations made by the appellants were general, and in their nature continuing. They were, in effect, representations that the water supply was adequate to the successful cultivation of the land, and to show that the supply proved inadequate in one season is some evidence that the supply was inadequate in every season, especially where it is not shown, as it was not shown here, that the shortage was due to some cause applicable only to the particular season.

[2] The objection to the instruction is that the court did not therein take into consideration the good faith of the appellants in making the representations. But this court has definitely adopted the rule that, if a person states as true material facts susceptible of knowledge to one who relies and acts thereon to his injury,

he cannot defeat recovery for the injury caused thereby by showing that he did not know his representations were false, or that he believed them to be true. *Jacquot v. Farmers Straw Gas Producer Co.*, 140 Wash. 482, 249 Pac. 984. The instructions of the court were in accordance with this rule.

[3] The next objection is that the respondent is estopped by laches from maintaining the action. But there is a wide distinction between an action brought to rescind a contract on the ground of fraud, and an action to recover damages for fraud arising out of a contract. In the first of the actions, laches may bar the right, but the second is not barred short of the period of the statute of limitations. *Pronger v. Old National Bank*, 20 Wash. 618, 56 Pac. 391; *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180; *Sowles v. Fleetwood*, 97 Wash. 166, 165 Pac. 1056.

Under the fourth assignment the appellants question the sufficiency of the evidence to sustain the verdict. But on this question it is sufficient to say that we find a substantial conflict in the evidence. The determination of the facts was therefore for the jury, and we have no warrant to disturb their verdict.

The judgment is affirmed.

TOLMAN, MAIN, and MITCHELL, JJ., concur.