[No. 20865.   Department One.   November 10, 1927.]

HUGO NAUMAN *et al., Respondents,* v. S. W. RADDUE
*et al., Appellants.*[1]

[1] SALES (53)—RESCISSION BY BUYER—FRAUD—FALSE REPRESENTA-
TIONS AND OPPORTUNITY TO INSPECT.  The vendees of hotel and
rooming house property, received in a trade, are entitled to
rescission for fraud by gross misrepresentations of the monthly
income and value of the property, known by the vendor to be
false, although inspected by the vendees, who were farmers and
wholly ignorant of the hotel and rooming house business.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered May 23, 1927,
upon findings in favor of the plaintiff, in an action for
rescission and an accounting, tried to the court.  Af-
firmed.

*Julia Waldrip Ker* and *Roscoe R. Fullerton,* for ap-
pellants.

*H. B. Dickinson, Dean H. Dickinson,* and *Bigelow &
Manier,* for respondents.

PARKER, J.—The plaintiffs, Mr. and Mrs. Nauman,
prosecuted this action in the superior court for Thurs-
ton county, seeking rescission of an exchange of their
farm in that county for certain hotel and rooming
house business and personal property in Portland,
Oregon, belonging to the defendants, Raddue and Le-
Moine; the setting aside of the conveyances made in
the consummation of that exchange; and an accounting
between the parties.  The cause, being of equitable
cognizance, proceeded to trial before the court sitting
without a jury, which resulted in findings and judg-
ment awarding  to the plaintiffs rescission of the ex-
change, cancellation of the conveyances, and directing

[1]Reported in 260 Pac. 988.

an accounting, as prayed for. From this judgment, the defendants have appealed to this court; counsel for the respective parties having stipulated that the accounting be held in abeyance until the disposition of this appeal.

The controlling facts, as found by the trial court, may be summarized as follows: Prior to January, 1927, the plaintiffs were the owners of the farm in question, and the defendants were the owners of the hotel and rooming house business and property in question. About November 5, 1926, the plaintiffs listed their farm for sale at a sale price of twelve thousand five hundred dollars with one Hallman, a real estate broker of Portland. Soon thereafter, the defendants listed their hotel and rooming house property for sale or trade with Hallman. In the further negotiations and consummation of the exchange, Hallman acted as agent for all parties, with the knowledge and consent of all parties.

On November 25th, Hallman, by letter to the plaintiffs, suggested to them an exchange of these properties and the probability of the defendants being willing to make such an exchange; at the same time sending to the plaintiffs a statement which had been prepared by the defendant Raddue purporting to show the net income of the defendants' hotel and rooming house property to be $359 per month; this statement manifestly being prepared by Raddue for the purpose of being used by Hallman in his efforts towards making disposition of the hotel and rooming house property for the defendants. Some further negotiations were carried on between the parties, the defendants coming to Thurston county to see the farm, and the plaintiffs going to Portland to see the hotel and rooming house property.

When the plaintiffs went to Portland, they saw and

talked to the defendant Raddue, who assured them
that the statement given to Hallman and by Hallman
sent to the plaintiffs, showing the net income of the
hotel and rooming house property to be $359 per
month, was correct. The plaintiffs were shown the
hotel and rooming house property by the defendant
Raddue in a rather perfunctory and casual manner, the
plaintiffs plainly being discouraged by Raddue from
making a thorough examination. During the negotia-
tions, the value of the hotel and rooming house prop-
erty was also represented to the plaintiffs to be of
much greater value and in much better condition than
its actual value and condition.

Early in January, the exchange was consummated
and conveyances made accordingly. About January
10th, the plaintiffs finally went into possession of the
hotel and rooming house property, and soon thereafter
discovered that the net income of the property had not
been, and was not then, to exceed forty dollars per
month, and that the value and condition of the prop-
erty was not anywhere nearly equal to its value and
condition as represented by the defendant Raddue.
The plaintiffs are farmers, wholly inexperienced in
hotel and rooming house business and properties, while
the defendants are experienced in rooming house busi-
ness and properties.

The representation made by Raddue in behalf of
himself and co-defendant that the net income of the
hotel and rooming house property was $359 per month
was not true, being a grossly exaggerated statement of
such net income, which was in fact not over forty
dollars per month. The representation made by Rad-
due in behalf of himself and co-defendant as to the
condition and value of the hotel and rooming house
property was also grossly exaggerated. These repre-
sentations were known by Raddue to be untrue, and

were intentionally made by Raddue to the plaintiffs with such attending circumstances as induced the plaintiffs to rely upon them in making the exchange, and they did so rely upon them in making the exchange. The plaintiffs, soon after going into possession of the hotel and rooming house property and then first learning of the manner in which they had been deceived, promptly made demand upon defendants for rescission, which demand not being complied with, they promptly commenced this action.

We have carefully read all of the evidence, as abstracted by counsel, and deem it sufficient to say that we regard the findings of the trial court abundantly supported by the evidence, and conclude that we would not be at all warranted in reaching a different conclusion than that reached by the trial court in the disposition of the case up to the matter of accounting. It hardly needs citation of authority to demonstrate that, under the facts of this case, the plaintiffs are entitled to relief as awarded by the trial court. If so, the following of our decisions are conclusive in support of the judgment: *Champneys v. Irwin,* 106 Wash. 438, 180 Pac. 405; *Warwick v. Corbett,* 106 Wash. 554, 180 Pac. 928; *Brown v. Hoffman,* 116 Wash. 430, 199 Pac. 742.

The judgment is affirmed, and the case remanded to the superior court for further proceedings.

Mackintosh, C. J., Mitchell, Tolman, and French, JJ., concur.