[No. 21104. Department Two. August 15, 1928.]

R. H. McDANIEL, *Respondent,* v. B. C. CRABTREE *et al.,*
*Appellants.*[1]

[1] ESTOPPEL (33)—INCONSISTENT CLAIM IN FORMER PROCEEDING—
PLEADINGS. Plaintiff is not estopped to maintain an action on
a note and mortgage by reason of having in general terms
denied the existence of the note in former litigation between the
parties where it appears, on careful examination of the plead-
ings, that general denials therein fall short of denying the
existence of the note.

[2] JUDGMENT (219)—BAR AND MATTERS CONCLUDED—IDENTITY OF
CAUSES—DISTINCT CAUSES. Judgment in an action at law for
damages for false representations in a trade, defended on
counter charges seeking damages at law, is not res adjudicata
of liability upon a note, given by one of the parties as con-
sideration in the trade, which note neither party brought into
the case, and on which the maker might have sought equitable
relief of cancellation, and which thereafter the payee, electing
to affirm the trade, sought to enforce against the maker.

Appeal from a judgment of the superior court for
Skagit county, Joiner, J., entered September 29, 1927,
upon findings in favor of the plaintiff, in an action to
foreclose a mortgage, tried to the court. Affirmed.

*Peringer & Thomas* and *Frank M. Allyn,* for ap-
pellants.

*Chas. W. Johnson,* for respondent.

BEALS, J.—Two different phases of the transaction
resulting in the litigation now before us have already
been before this court, *Crabtree v. McDaniel,* 143
Wash. 122, 254 Pac. 1092, and *McDaniel v. Crabtree,*
143 Wash. 168, 254 Pac. 1091. To avoid confusion in
the statement of the issues, the parties will be referred
to by their names.

In February, 1922, McDaniel, being the owner of a
tract of timber land in Skagit county, agreed with

[1]Reported in 269 Pac. 1040.

the Crabtrees to exchange the same for certain irrigated land in Walla Walla county, the deal was consummated, and deeds exchanged by the parties. As part of the transaction, McDaniel assumed and agreed to pay a $2,000 mortgage, then a lien on the Walla Walla county land, while the Crabtrees executed and delivered to McDaniel their note in the sum of $1800, secured by a mortgage upon the Skagit county land, and also assigned to McDaniel a note and mortgage executed by one Baun in the sum of $700, upon which certain interest had accrued, which McDaniel accepted as a *pro rata* payment on the $1,800 note, and credited thereon.

In July, 1924, McDaniel brought suit against the Crabtrees in the superior court for Whatcom county for damages which he claimed to have suffered by reason of alleged false and fraudulent representations made by the Crabtrees as to the character of the Walla Walla county land. This action was a straight action at law in which McDaniel sought judgment for the sum of $8,000, he laying his damages in that amount.

The Crabtrees answered, denying the allegations of McDaniel's complaint and alleging in their turn, by way of an affirmative defense, the making of the exchange of properties, the existence of the $2,000 mortgage upon the Walla Walla county land, the assumption of the same by plaintiff, and the execution and delivery to the plaintiff, McDaniel, of the Crabtrees' note which they refer to as a note for $1,200, secured by a mortgage on the Skagit county timber land; they also alleged the assignment to McDaniel of the Baun note, which is referred to in their answer as for $800; and proceed to allege that McDaniel had failed to pay the $2,000 note and mortgage, that they had been compelled to purchase the same and had taken an assignment thereof and had commenced suit thereon against

McDaniel in the superior court for Walla Walla county; in their affirmative defense they also alleged false representations by McDaniel concerning the value of the Skagit county land, to their (Crabtrees') damage, in the sum of $7,500, for which amount, after praying that the prayer of McDaniel's complaint be denied, they ask judgment against him.

To the affirmative defense contained in this answer, McDaniel replied, denying the allegations of paragraph I, in which paragraph the so-called $1,200 note given by the Crabtrees to McDaniel was referred to.

It will be noted that the Crabtrees, in their answer, sought no equitable relief, but simply asked damages against McDaniel for fraudulent representations, leaving the action an action at law wherein both parties sought damages one side against the other.

The trial of this action before a jury resulted in a verdict in favor of McDaniel for the sum of $1,000. From a judgment entered on this verdict, the Crabtrees appealed and the judgment was affirmed. *McDaniel v. Crabtree,* 143 Wash. 168, 254 Pac. 1091.

The trial of the action in Walla Walla county, in which the Crabtrees sought judgment against McDaniel upon the $2,000 note secured by mortgage on the Walla Walla county land, resulted in a judgment in the Crabtrees' favor, from which judgment McDaniel appealed, contending that the judgment entered in the Whatcom county action was *res judicata* as to the cause of action contained in the Crabtrees' complaint in the Walla Walla county action. McDaniel's contention was upheld and the judgment reversed with directions to dismiss the action. *Crabtree v. McDaniel,* 143 Wash. 122, 254 Pac. 1092.

This court based its ruling in this case upon the fact that the Crabtrees, in their answer in the Whatcom county case, had affirmatively pleaded McDaniel's fail-

ure to pay the $2,000 mortgage, and that they, the Crab-
trees, had been compelled to pay the same and had
taken an assignment thereof, and, based upon these al-
legations, together with the other allegations of dam-
age contained in their affirmative defense, prayed for
judgment against McDaniel for the sum of $7,500. It
was held that, under this affirmative defense, the Crab-
trees in the Whatcom county action sought recovery
against McDaniel for whatever amount was due them
by reason of McDaniel's failure to pay the mortgage
on the Walla Walla county land, and were entitled to
have the jury offset this element of their damage, if
any, against any sum they owed McDaniel, and that,
on the state of the pleadings and the judgment roll, it
must be assumed that this issue was litigated and that
the Crabtrees received any credit to which they were
entitled.

This was the situation when this action was insti-
tuted by McDaniel against the Crabtrees in the su-
perior court for Skagit county, McDaniel asking for
judgment on the $1,800 note, together with foreclosure
of the mortgage given to secure the same. McDaniel,
in his complaint in this action, seeks to avoid the effect
of the credit of the Baun note on the $1,800 note by
alleging that the Baun note and mortgage were worth-
less and had been tendered back to the Crabtrees.

In their answer, the Crabtrees deny the worthless-
ness of the Baun note, and allege that this note was a
proper credit on the $1,800 note in the sum of $755;
and for an affirmative defense, plead as *res judicata* the
judgment entered on the verdict of the jury in the
Whatcom county suit. To the affirmative defense in
the Crabtrees' answer, McDaniel replied with denials,
and, upon the issues so made up, the action came on
for trial.

The lower court held that the Whatcom county action was *res judicata* as to McDaniel's claim that the Baun note was worthless, held that the Whatcom county action was not *res judicata* as to McDaniel's cause of action against the Crabtrees on the $1,800 note, rendered judgment against the Crabtrees on the note for the amount due thereon, less the full credit on account of the Baun note, and decreed the foreclosure of the mortgage given on the Skagit county timber land to secure payment of the $1,800 note. From this judgment, the Crabtrees appeal.

Appellants earnestly contend that, as in the case of *Crabtree v. McDaniel* (the Walla Walla county case), it was held that the judgment in the case of *McDaniel v. Crabtree* (the Whatcom county case) was *res judicata* as to the Crabtrees' claim against McDaniel on account of McDaniel's failure to pay the mortgage on the Walla Walla county land, it should be held in this case that the judgment in the Whatcom county case is also *res judicata* as to any claim McDaniel may have had against the Crabtrees on account of the latter's note, for $1,800, secured by mortgage on the Skagit county land. In other words, they vigorously insist that it is a poor rule that does not work both ways.

Appellants also contend that, because respondent interposed a denial to paragraph I of appellants' affirmative defense contained in their answer in the Whatcom county case, in which paragraph appellants allege that they gave respondent a note for $1,200, and, as appellants contend, thereby denied the existence of the note upon which respondent is now suing, respondent is now estopped from maintaining this action by reason of such denial.

[1] It will be noted that appellants, in paragraph I of the affirmative defense contained in their answer in the Whatcom county suit, referred to the $1,800 note as

for $1,200. This paragraph was very long and contained allegations concerning alleged representations by McDaniel as well as considerable matter concerning the $2,000 mortgage on the Walla Walla county land. It also referred to the Baun note, describing it as a note for $800 instead of a note for $700, as it in fact was. Respondent, McDaniel, the plaintiff in that action, in his reply, simply denied the allegations of paragraph I, and nowhere in his reply in any way referred to appellants' note for $1,800. A careful examination of these pleadings convinces us that, as the issues in this case were made up for trial, they contained no denial on the part of McDaniel, the respondent here, of the existence of the $1,800 note executed by appellants Crabtree in his favor, which could be held to estop respondent from maintaining this action.

[2] In regard to appellants' plea of *res judicata*, the situation in this case is entirely different from that presented to the court on the appeal taken by McDaniel from the judgment rendered against him by the superior court for Walla Walla county. Appellants, themselves, in the affirmative defense contained in their answer in the Whatcom county action, pleaded that McDaniel had failed to pay the mortgage for $2,000 which was a lien on the Walla Walla county land, which mortgage McDaniel had assumed and agreed to pay, and that appellants Crabtree had been compelled to and had, to protect their interests, purchased this mortgage. This was clearly an element of damage suffered by appellants here which they were entitled to have submitted to the jury as a part of their claim for damages for which they sought judgment against McDaniel in the sum of $7,500; and from the issues as made up and the judgment roll as presented on appeal, this court could not but conclude that this element of al-

leged damage had been presented to the jury and considered by them in bringing in their verdict.

The Whatcom county action was strictly a law action for damages, the issues were made up and it was submitted to the jury on this theory. Appellants could, had they desired to do so, have interposed in that action certain equitable defenses, and prayed for the cancellation of their note for $1,800 and the mortgage securing the same, which they had given to respondent. This they did not do, but chose to carry on the suit strictly as an action at law, in which they sought no equitable relief. In bringing the Whatcom county action, the plaintiff therein, respondent here, elected to affirm the exchange of properties, which included his election to maintain the $1,800 note given him by appellants as a valid and subsisting obligation representing part of the consideration moving to him for the Walla Walla county land. He chose not to bring an action for rescission; and he was not, in the action which he did bring, bound to ask for judgment against appellants upon the note now in suit. As far as respondent was concerned, he treated appellants' note as a payment, and appellants met him upon the ground which he selected by countering with a straight claim at law for damages against him.

The reason that the Whatcom county action was held to be *res judicata* as to appellants' claim against respondent on account of the note secured by mortgage on the Walla Walla county land, is that in the Whatcom county case appellants themselves brought in by their answer, as an element of damage suffered by them and for which they sought judgment against respondent, respondent's failure to pay the $2,000 mortgage on the Walla Walla county land; while the respondent in this action did not, in the Whatcom county action, bring in his claim against appellants on the

$1,800 note; neither did the Crabtrees seek in that action any relief against respondent on account of this note, but merely mentioned it incidentally, erroneously referring to it as for $1,200, neglecting to ask that it be cancelled or that they be in any way relieved against liability thereon.

None of the cases cited by appellants go so far as to hold that, in an action at law for damages, based on alleged false representations, the plaintiff must join a cause of action which may exist in his favor on a promissory note theretofore executed by the defendant. Had McDaniel elected to sue for rescission of the exchange of properties a different rule would apply, but he elected to sue for damages and the choice was then left with appellants as to whether they would interpose strictly legal or legal and equitable defenses, and they in turn exercised their option in favor of the former method.

The distinction between the effect of an action at law for damages for false representations and an action in equity for rescission is clearly pointed out in the case of *Allen v. Wall,* 7 Wash. 316, 35 Pac. 65.

The following authorities are in point on the question of the application of the doctrine of *res judicata* to this action: In the case of *Diamond Ice & Storage Co. v. Klock Produce Co.,* 103 Wash. 369, 174 Pac. 435, this court held that the plaintiff, a warehouseman, could maintain an action for the recovery of storage charges alleged to be due, in spite of the fact that the owner of the goods had theretofore recovered judgment against him in an action for the conversion of certain of the goods stored, in which action the storage company had referred to its claim for storage, but only as a justification for withholding the goods stored, such claim not being relied upon as a set-off or counterclaim.

In the case of *Helsley v. American Mineral Production Co.,* 118 Wash. 571, 204 Pac. 190, we held that a contract for the sale of automobiles, in which the purchaser agreed to make a cash payment on a certain date and also agreed to pay certain designated accounts then due from the vendor, was divisible, and that the judgment in favor of the vendor in an action to recover the amount of the payment in cash, which the vendee agreed to make, was not a bar to a later action to recover the amount of the accounts which the vendee had assumed.

The trial court correctly held that the judgment rendered in the Whatcom county suit was *res judicata* as to any claim on the part of respondent that the Baun note was worthless; that was an element of damage which, if relied upon by respondent, he should have alleged in that action; and not having done so, he was bound to accept the Baun note at its face value and accrued interest. The doctrine of *res judicata* was by the trial court properly applied to this extent in appellants' favor.

We are satisfied that the trial court was correct in refusing to hold that the judgment in the Whatcom county action is *res judicata* as to respondent's claim against appellants on the note sued upon, and that the decree entered by the trial court is correct.

Decree affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and MAIN, JJ., concur.